# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　JS - 6

| | | | |
|---|---|---|---|
| Case No. | **CV 21-4566 FMO (JCx)** | Date | **July 14, 2021** |
| Title | **Connie Kim, et al. v. Breakers VC, LLC, et al.** | | |

Present: The Honorable　　Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):　　　　Attorney Present for Defendant(s):

None Present　　　　　　　　　　　None Present

**Proceedings:**　　　**(In Chambers) Order Remanding Action**

On June 30, 2020, plaintiffs Connie Kim and 9292 BBQ Café (collectively, "plaintiffs") filed a Complaint in the Los Angeles County Superior Court against Breakers VC, LLC ("BVC"), Breaker Duluth, LLC ("BDL"), Bobby Kim ("BK"), and Jae Kook Kim ("JKK") (collectively, "defendants"), asserting claims for: (1) fraud and misrepresentation; (2) breach of contract; (3) tortious interference with business; (4) intentional infliction of emotional distress; (5) breach of implied covenant of good faith and fair dealing; (6) preliminary and permanent injunction; and (7) unjust enrichment. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint at ¶¶ 6-35). On June 3, 2021, BDL and BK (the "removing defendants") removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at p. 3). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). BDL and BK do not seek to remove pursuant to CAFA. (See, generally, Dkt. 1, NOR).

**CIVIL MINUTES - GENERAL**          JS - 6

| | | | |
|---|---|---|---|
| Case No. | **CV 21-4566 FMO (JCx)** | Date | **July 14, 2021** |
| Title | **Connie Kim, et al. v. Breakers VC, LLC, et al.** | | |

the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2]  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).[3]  There is no basis for diversity jurisdiction in this case because complete diversity of the parties has not been shown.  See id.

Here, both plaintiffs appear to be citizens of California.  (See Dkt. 1, NOR at ¶ 10).  The removing defendants, BDL and BK, are both citizens of Georgia.  (See id. at ¶¶ 12-13).  According to the NOR, defendant JKK is a citizen of Washington.  (See id. at ¶ 4).  However, the removing defendants nowhere assert the citizenship of defendant BVC.  (See, generally, id.).  The only reference in the entire NOR to BVC's citizenship is in the caption page where BVC is identified as "a California limited liability company[.]"[4]  (Id. at p. 1).  Indeed, the removing defendants contend only that "diversity of citizenship exists between plaintiffs and three [ ] out of four [ ] named defendants."  (Id. at p. 3) (formatting omitted).  This contention and the reference to BVC as a

---

[2]  BDL and BK seek only to invoke the court's diversity jurisdiction.  (See, generally, Dkt. 1, NOR).

[3]  In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

[4]  There is no such identification in the state court Complaint.  (See, generally, Dkt. 1-1, Complaint).

**CIVIL MINUTES - GENERAL**          JS - 6

| Case No. | **CV 21-4566 FMO (JCx)** | Date | **July 14, 2021** |
|---|---|---|---|
| Title | **Connie Kim, et al. v. Breakers VC, LLC, et al.** | | |

California limited liability company in the NOR's caption both suggest that BVC – a defendant who has been served, (see Dkt. 1, NOR at ¶ 2) – is a California citizen, which would destroy complete diversity and additionally preclude removal under 28 U.S.C. § 1441(b)(2). See, e.g., Spencer v. United States Dist. Court, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."). Further, there is no allegation in the Complaint which suggests BVC is diverse from plaintiffs either. (See, generally, Dkt. 1-1, Complaint). In short, BDL and BK have failed to establish that BVC is a diverse defendant. See Hansen v. Grp. Health Cooperative, 902 F.3d 1051, 1057 (9th Cir. 2018) ("The removing defendant bears the burden of overcoming the strong presumption against removal jurisdiction.") (internal quotation marks omitted).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that BDL and BK have met their burden of showing that complete diversity of the parties exists. Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill Street, Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |